UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20914 Altonaga/Goodman
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

LAWRENCE W. PARKER, JR.,

Defendant.
_____/

FILED UNDER SEAL

FILED by ___ D.C.
DEC 20 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

### INFORMATION

The United States Department of Justice, Criminal Division, Fraud Section, and the Acting United States Attorney for the Southern District of Florida charge that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. Servicio di Telecomunicacion di Aruba N.V. ("Setar") was a state-owned telecommunications provider in Aruba, a constituent country of the Kingdom of the Netherlands. Setar was controlled by the government of Aruba and performed a function that Aruba treated as its own, and was thus an "instrumentality" of the Aruban government as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(2)(A).

2. Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, and Phone Company #5 were organized under the laws of the State of Florida and maintained their principal places of business in Florida, and each was thus a "domestic concern" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

3. **LAWRENCE W. PARKER, JR.**, was a United States citizen and resided in Miami-Dade County, within the Southern District of Florida, and was an owner, in whole or in part, an otherwise controlling member of, or participant in, the operation of Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, among others. **PARKER** was thus a "domestic concern" and an officer, director, employee, agent, and stockholder of a "domestic concern" as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

4. Foreign Official A, an individual whose identity is known to the United States, was employed by Setar as Product Manager from in or around 2003 to in or around July 2016. Foreign Official A's job responsibilities included interacting with vendors and purchasing mobile phones and accessories for Setar. Foreign Official A had influence over the approval and awarding of contracts by Setar for the purchase of mobile phones and accessories. Foreign Official A was thus a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

## CONSPIRACY
### (18 U.S.C. § 371)

From in or around November 2005 and continuing through in or around March 2015, in the Southern District of Florida, and elsewhere, the defendant,

**LAWRENCE W. PARKER, JR.,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to commit offenses against the United States, that is:

(a) being a domestic concern, and an officer, director, employee, agent, and stockholder of a domestic concern, to willfully make use of the mails and means and instrumentalities of interstate

commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all, or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist **LAWRENCE W. PARKER JR.** and others in obtaining and retaining business for and with, and directing business to **PARKER**, Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, and others, in violation of Title 15, United States Code, Section 78dd-2; and

(b) to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises,  knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

5.      The purpose of the conspiracy was for **LAWRENCE W. PARKER, JR.** and his co-conspirators to unlawfully enrich themselves:  (a) by making corrupt bribe payments to Foreign

Official A in order to obtain and retain contracts with Setar; and (b) by defrauding Setar of money and property.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **LAWRENCE W. PARKER, JR.** and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following, while in the Southern District of Florida and elsewhere:

6. **LAWRENCE W. PARKER, JR.**, together with others, including Foreign Official A and others involved in paying bribes to Foreign Official A, discussed in person, and through other means: (a) making bribe payments—which they sometimes called "commissions"—to Foreign Official A in order for **PARKER**, Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, and others to win business from Setar; (b) the value of bribes to be paid to Foreign Official A; and (c) the manner and means by which bribes would be paid to Foreign Official A.

7. **LAWRENCE W. PARKER, JR.**, together with others, agreed to pay, promised to pay, and authorized the payment of money to, and for the benefit of, Foreign Official A in order for **PARKER**, Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, and others to obtain and retain business with Setar.

8. **LAWRENCE W. PARKER, JR.**, together with others, including Foreign Official A, agreed with Foreign Official A to receive from Foreign Official A confidential business information that was the property of Setar.

9. **LAWRENCE W. PARKER, JR.**, together with others, caused bribe payments to be wired from the United States-based bank accounts of Phone Company #1, Phone Company #2,

4

Phone Company #3, and Phone Company #5 to foreign bank accounts owned and controlled by Foreign Official A.

10. **LAWRENCE W. PARKER, JR.**, together with others, caused bribe payments to be paid in cash to Foreign Official A and Foreign Official A's ex-wife during meetings in the Southern District of Florida and elsewhere.

11. **LAWRENCE W. PARKER, JR.**, together with others, including Foreign Official A, took steps to conceal the bribery scheme, including by hiding the amount of the bribe payments in invoices sent to Setar.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purposes and objects thereof, **LAWRENCE W. PARKER, JR.**, and his co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

12. On or about July 16, 2008, a co-conspirator, an individual whose identity is known to the United States, provided to **LAWRENCE W. PARKER, JR.**, approximately $5,000 in cash to be paid as a bribe to Official A.

13. On or about September 27, 2012, Foreign Official A forwarded via email, from his Setar email account in Aruba to **LAWRENCE W. PARKER, JR.**'s U.S.-based email account, proprietary, confidential business information regarding a competing supplier's bid to provide mobile phones to Setar.

14. On or about April 24, 2013, Foreign Official A forwarded via email, from his Setar email account in Aruba to **LAWRENCE W. PARKER, JR.**'s U.S.-based email account,

proprietary, confidential business information regarding a competing supplier's bid to provide mobile phones to Setar.

15. On or about November 8, 2011, **LAWRENCE W. PARKER, JR.**, caused Phone Company #5 to wire approximately $33,750 from Phone Company #5's bank account in the United States to an overseas bank account owned and controlled by Foreign Official A.

16. On or about January 9, 2012, **LAWRENCE W. PARKER, JR.**, while in the Southern District of Florida, caused Phone Company #3 to wire approximately $32,500 from Phone Company #3's bank account in the United States to an overseas bank account owned and controlled by Foreign Official A.

17. On or about June 23, 2014, **LAWRENCE W. PARKER, JR.**, caused a check to be drafted from the Florida-based bank account of Phone Company #4 in the amount of approximately $9,150 and made payable to **PARKER**, which amount **PARKER** later caused to be provided to Foreign Official A in cash.

18. On or about July 10, 2014, **LAWRENCE W. PARKER, JR.**, caused a check to be drafted from the Florida-based account of Phone Company #4 in the amount of approximately $5,200 and made payable to **PARKER**, which amount **PARKER** later caused to be provided to Foreign Official A in cash in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## **FORFEITURE**

1. The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c),

which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as result of such offense.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c).

SANDRA MOSER
ACTING CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida

By: _____
JONATHAN P. ROBELL
VANESSA SNYDER
TRIAL ATTORNEYS
Criminal Division
Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Tel: (202) 616-5136

By: _____
LOIS FOSTER-STEERS
ASSISTANT U.S. ATTORNEY
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9203

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| LAWRENCE W. PARKER, JR., | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

| | | | | | New Defendant(s) | Yes _____ | No _____ |
|---|---|---|---|---|---|---|---|
| X | Miami | _____ | Key West | | Number of New Defendants | _____ | |
| _____ | FTL | _____ | WPB | _____ FTP | Total number of counts | _____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    NO
   List language and/or dialect    English

4. This case will take 0 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                (Check only one)

   | I   | 0 to 5 days       | X    | Petty   | _____ |
   |-----|-------------------|------|---------|-------|
   | II  | 6 to 10 days      | _____| Minor   | _____ |
   | II  | 11 to 20 days     | _____| Misdem. | _____ |
   | IV  | 21 to 60 days     | _____| Felony  | X     |
   | V:  | 61 days and over  | _____|         |       |

6. Has this case been previously filed in this District Court? (Yes or No)    NO
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    _____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)    NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    X No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    X No

_____
LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0480509

*Penalty Sheet(s) attached                                              REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** LAWRENCE W. PARKER, JR

**Case No:** _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

**\*Max. Penalty:**     5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 17-CR-20914 Altonaga/Goodman |
| LAWRENCE W. PARKER, JR., | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*