UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20914



UNITED STATES OF AMERICA

v.                                                                FILED UNDER SEAL

LAWRENCE W. PARKER, JR.,

Defendant.
_____/

## PLEA AGREEMENT

The United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Southern District of Florida (collectively, the "Government") and **LAWRENCE W. PARKER, JR.** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether there is probable cause to believe he committed the offense for which he is charged. Understanding that right, and after full and complete consultation with his counsel, the defendant agrees to waive in open court his right to prosecution by indictment and agrees that the Government may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The defendant agrees to plead guilty to a single-count information, which charges the defendant with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or not more than the greater of twice the gross gain or gross loss resulting from the offense set forth in paragraph 2 above, and the Court may also order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100

will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the Government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The Government agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Government, however, will not be required to make this motion and this recommendation if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts

3

to the Government prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including, but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.   The defendant agrees that he shall cooperate fully with the Government by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Government, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Government; and (c) if requested by the Government, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.  In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9.   The Government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of the Government, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the Government may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's

sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the Government to file any such motions, and that the Government's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the Government's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The Government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a.     <u>Base Offense Level</u>: The relevant base offense level under Sections 2X1.1(a) and 2C1.1(a)(2)2B1.1(a)(2) of the Sentencing Guidelines is 12.

    b.     <u>More Than One Bribe</u>: The defendant should receive a two-level increase under Section 2C1.1(b)(1) of the Sentencing Guidelines because the conspiracy involved more than one bribe.

    c.     <u>Value of Payment or Benefit</u>: The defendant should receive a 14-level increase under Sections 2C1.1(b)(2) and 2B1.1(b)(1)(H) of the Sentencing Guidelines because the conspiracy involved payments or benefits greater than $550,000.

    d.     <u>Adjusted Offense Level</u>: The applicable adjusted offense level under all of the circumstances of the offense committed by the defendant is 28.

12. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 371 charged in the Information. The defendant agrees to consent to the entry of orders of forfeiture for such property and for a money judgment equal in value to the total amount of proceeds traceable to his offense of conviction. The defendant admits and agrees that the conduct described in the Information and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

13. The defendant agrees to waive any appeal of the forfeiture. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Indictment or Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any applicable time limits for the initiation of administrative or judicial forfeiture proceeding and/or further notification of any such forfeiture brought against the property sought for forfeiture.

14. The defendant also agrees to assist the Government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The defendant agrees that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the money judgment. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to

pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

15. The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The defendant knowingly and voluntarily waives any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.

16. The defendant agrees to make full and accurate disclosure of his financial affairs to the Government, and expressly authorizes the Government to obtain a credit report. The defendant agrees that within 10 calendar days and upon request of the Government, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

17. The defendant agrees that restitution is mandatory pursuant to 18 U.S.C.

§3663A(c)(1)(A)(ii). The defendant agrees to the entry of a restitution order for the full amount of victim losses. Without limiting the amount of restitution the Court must impose, the parties agree that, at a minimum, Servicio di Telecomunicacion di Aruba N.V. is entitled to restitution in the amount of $701,750.

18. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Government in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

19. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office, or the Court. The defendant understands further that any

recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Government, or a recommendation made jointly by the defendant and the Government.

20. This is the entire agreement and understanding between the Government and the defendant. There are no other agreements, promises, representations, or understandings.

SANDRA MOSER
ACTING CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

Date: 12/28/2017         By: _____
                         JONATHAN P. ROBELL
                         VANESSA SNYDER
                         TRIAL ATTORNEYS

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida

Date: 12/28/17          By: _____
                        LOIS FOSTER-STEERS
                        ASSISTANT U.S. ATTORNEY

Date: 12/28/17          _____
                        MICHAEL B. COHEN
                        ATTORNEY FOR DEFENDANT

Date: 12/28/17          _____
                        LAWRENCE W. PARKER, JR.
                        DEFENDANT

9