UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20914

Sealed

UNITED STATES OF AMERICA

v.                                                                                              FILED UNDER SEAL

LAWRENCE W. PARKER, JR.,

      Defendant.
_____/

## FACTUAL PROFFER

If this matter were to proceed to trial, the United States would prove the stated facts beyond a reasonable doubt.

Beginning in or around November 2005 and continuing until at least in or around March 2015, **LAWRENCE W. PARKER, JR.**, a United States citizen residing in Florida, conspired with others to pay hundreds of thousands of dollars in bribes, directly and indirectly, to a foreign official ("Foreign Official A") employed by Servicio di Telecommunicacion di Aruba N.V. ("Setar"), a state-owned and state-controlled telecommunications company in Aruba that performed a function of the Aruban government. **LAWRENCE W. PARKER, JR.** and his co-conspirators agreed to pay bribes to Foreign Official A in order to secure an improper advantage and in exchange for Foreign Official A using his position and authority as Setar's Product Manager to assist a number of U.S. companies owned, in whole or in part, or otherwise controlled by, or affiliated with **LAWRENCE W. PARKER, JR.** and his co-conspirators with obtaining business with Setar. **LAWRENCE W. PARKER, JR.**, Foreign Official A, and others also agreed to obtain money and property, including Setar's confidential business information,

by means of false and fraudulent pretenses and representations, including by hiding the amount of the bribe payments in invoices sent via email to Setar.

Specifically, from in or around November 2005 and continuing through in or around March 2015, **LAWRENCE W. PARKER, JR.** and his co-conspirators agreed to pay, and paid, bribes to Foreign Official A totaling more than $705,000. In exchange for the bribes, Foreign Official A assisted **LAWRENCE W. PARKER JR.** and others with obtaining business for **LAWRENCE W. PARKER JR.**, Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, all companies organized under the laws of the State of Florida, and others.

The scheme worked as follows: Foreign Official A, on behalf of Setar, requested price quotations on certain mobile phones and accessories from **LAWRENCE W. PARKER, JR.** and others. In addition, on occasion, Foreign Official A, without the knowledge of, or approval from, his employer Setar, provided **LAWRENCE W. PARKER, JR.** and his co-conspirators with proprietary, confidential business information via email. After receiving price quotations from companies affiliated with **LAWRENCE W. PARKER, JR.**, including Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, and others, Foreign Official A used his position and authority as Setar's Product Manager to assist **LAWRENCE W. PARKER, JR.**, Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, and others, with obtaining business from Setar. Foreign Official A did not inform Setar that he was accepting bribe payments from **LAWRENCE W. PARKER, JR.** and others in connection with these sales. As a result of the scheme, between in or around November 2005 and in or around March 2015, **LAWRENCE W. PARKER, JR.**, Foreign Official A, and others caused Setar to wire more than $23.8 million

from bank accounts in Aruba to the United States-based bank accounts of Phone Company #1, Phone Company #2, Phone Company #3, Phone Company #4, Phone Company #5, and others.

Between in or around November 2005 and in or around March 2015, **LAWRENCE W. PARKER, JR.** and his co-conspirators paid Foreign Official A approximately $705,000. Of this total, approximately $288,970 was wired from bank accounts in the Southern District of Florida to a foreign bank account owned and controlled by Foreign Official A. For example, on or about January 9, 2012, **LAWRENCE W. PARKER, JR.**, while in the Southern District of Florida, caused Phone Company #3 to wire approximately $32,500 from Phone Company #3's bank account in the United States to an overseas bank account owned and controlled by Foreign Official A.

Additional payments were made in cash to Foreign Official A and to his former spouse during meetings in Miami, Florida and in Aruba. For example, on or about July 10, 2014, **LAWRENCE W. PARKER, JR.** caused a check to be drafted from the Florida-based account of Phone Company #4 in the amount of approximately $5,200 and made payable to **LAWRENCE W. PARKER, JR.**, which amount **LAWRENCE W. PARKER, JR.** later caused to be provided to Foreign Official A in cash in the Southern District of Florida.

In addition, in or around December 2013, **LAWRENCE W. PARKER, JR.** provided to Foreign Official A, during a meeting in the Southern District of Florida, a debit card linked to a United States bank account. Foreign Official A returned to Aruba with the debit card and used it to withdraw cash derived from the bribery and fraud scheme. Between approximately December 2013 and October 2014, Foreign Official A received approximately $19,745 in this manner.

**LAWRENCE W. PARKER, JR.** knew that agreeing to pay, and paying, bribes to Foreign Official A, receiving Setar's confidential business information from Foreign Official A, and concealing the bribe payments from Setar was wrong and unlawful.

SANDRA MOSER
ACTING CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

Date: 12/28/2017

By: *[signature]*
JONATHAN P. ROBELL
VANESSA SNYDER
TRIAL ATTORNEYS

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY
Southern District of Florida

Date: 12/28/2017

By: *[signature]*
for LOIS FOSTER-STEERS
ASSISTANT U.S. ATTORNEY

Date: 12/28/17

*[signature]*
MICHAEL B. COHEN
ATTORNEY FOR DEFENDANT

Date: 12/28/17

*[signature]*
LAWRENCE W. PARKER, JR.
DEFENDANT